## ABRAM RENNICK *v.* W. W. CURRY.

**Taxation—Enjoining Collection of Taxes.**

     It is the duty of the supervisors of the tax book to examine and correct it when it finds errors of the assessor, and where it substantially complies with the statute equity will not enjoin the collection of a tax upon the mere ground of irregularity in the assessment.

APPEAL FROM CLARK COURT OF COMMON PLEAS.

November 15, 1877.

OPINION BY JUDGE LINDSAY:

By Sec. 5, Art. 6, Chap. 92, Gen Stat., it is made the duty of the supervisors of the tax book to examine the same with care, and to correct any errors of the assessor; and, in cases where they shall be of opinion that any property has not been correctly valued, to fix a proper value on the same. This is a ministerial and not a judicial duty, and if any citizen is aggrieved by the action of this ministerial or revisory board he may have relief upon application to the county court, under the provisions of Sec. 2, Art. 7, of said chapter.

It is the duty of the board to keep a record of their proceedings and correct the tax book thereby. Sec. 7, Art. 6, Chap. 92. The statute does not prescribe specifically how these corrections are to be made, so far as real estate was concerned, by changing on the face of the book the valuations reported by the assessor, and also by a regular report duly signed by each and all of the supervisors. The corrections made in the valuations of shorthorn cattle are evidenced alone by the report of the majority of the supervisors, but this was a substantial and a sufficient compliance with the provisions of the statute, said reports having been returned with the tax books to the clerk of the county court for safe keeping.

The original certificate of the supervisors did not show that they had corrected the tax book, but merely that they had examined and approved it; but their report showed that their approval was based on the corrections mentioned therein, and the county court clerk had the right, in certifying their approval to the county court, and in making out the copy for the sheriff, to treat said report as part and parcel of the tax book. The subsequent attempt of the supervisors to correct their certificate was without authority; but as there had theretofore been a substantial compliance with the law, the technical defect in failing to make the original certificate as full as it should have been could not operate to render their action void. That it was irregular may be admitted, but equity will not enjoin the collection of a tax upon the mere ground of irregularity in the assessment.

If substantive wrong was done the appellant by the increase of the valuation of his cattle his remedy was by application to the county court, where the matter might have been judicially inquired into.

The judgment dissolving the injunction is *affirmed.*

*L. B. Grigsby, W. M. Beckner, B. J. Peters, for appellant.*

*Sam M. Boone, T. M. Edginton, French & Tucker, for appellee.*